The Honorable Russ Hunt State Representative P.O. Box 200 Searcy, Arkansas 72145-0200
Dear Representative Hunt:
I am writing in response to your request for an opinion on the following two questions:
 1. In reference to 21-2-105 and 14-34-106 [sic],[1] is it legal for the Mayor of a town or city to administer an oath of office?
 2. Is a Mayor of a town or city qualified to perform a marriage ceremony outside the city limits?
RESPONSE
In my opinion the answer to your first question is "no," and the answer to your second question is "yes."
Question 1 — In reference to 21-2-105 and 14-34-106 [sic], is it legalfor the Mayor of a town or city to administer an oath of office?
I recently addressed this exact question in Op. Att'y Gen. 2001-018, in which I concluded that a mayor is not authorized by A.C.A. § 21-2-105
(Supp. 1999) to legally administer oaths of office to officials of a town. The result is the same under A.C.A. § 14-42-106(b), added in 1999, which tracks the language of A.C.A. § 21-2-105 in this regard.
Question 2 — Is a Mayor of a town or city qualified to perform amarriage ceremony outside the city limits?
In my opinion the answer to this question is "yes." The relevant statute as to the solemnization of marriage is A.C.A. § 9-11-213. That statute states that:
 (a) For the purpose of being registered and perpetuating the evidence thereof, marriage shall be solemnized only by the following persons:
* * *
(6) The mayor of any city or town. . . .
There is no limitation in this subsection as to where the marriage ceremony is performed. This lack of restriction for the performance of marriage ceremonies by mayors may be distinguished from the statute's authorization to justices of the peace. The latter officials, including former justices, "of the county where the marriage is solemnized," are authorized to perform such ceremonies. See A.C.A. § 9-11-213 (a)(4). Thus, while there is a restriction in the statute for justices of the peace, who may only perform marriage ceremonies in the county in which they hold office,[2] there is no similar restriction as to mayors.
This conclusion is reinforced by the provisions of A.C.A. § 9-11-702, which provides as follows:
 All marriage ceremonies performed by mayors in the State of Arkansas prior to June 12, 1947, are declared to be valid.
This provision was enacted in 1947, at the same time A.C.A. § 9-11-213
was amended to authorized mayors to perform marriages. See Acts 1947, No. 231. Apparently, prior to that date, mayors were not authorized to perform marriages by law, but evidently did so on some occasions, necessitating the validating act above. In any event, the language above refers to marriages performed by mayors "in the State of Arkansas." Again, there is no restriction as to the marriages being performed within the city the mayor serves.
It is therefore my opinion that the answer to your second question is "yes."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] I assume this reference should be to A.C.A. § 14-42-106 (Supp. 1999).
[2] This is true absent a separate appointment of the justice of the peace as a person authorized to perform marriages by the county in which the marriage is to be solemnized. See A.C.A. § 9-11-213 (a)(7) and Op. Att'y. Gen. 97-235.